UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:09 MJ 161 |
| | ) | |
| WAYNE E. WIGGLESWORTH | ) | |

DETENTION ORDER

At the August 20, 2009 initial appearance, the government requested that the defendant, Wayne Wigglesworth, be held without bond. A detention hearing was scheduled for August 25, 2009, and was continued until August 31, 2009, at the request of the defendant. The court now makes the following findings of fact:

1. The defendant currently is charged in a criminal complaint with violations of 18 U.S.C. §§2422(b) and 2423(b). If convicted, the defendant faces a mandatory minimum sentence of ten years imprisonment and a maximum sentence of life imprisonment.

2. At the detention hearing, the government proffered evidence to supplement the probable cause affidavit and the prebond report. The defendant called his son, Joseph Wigglesworth, and also proffered evidence.

3. Prior to August 17, 2009, the defendant engaged in a series of online chats with a 15 year old boy who resided in Chicago, Illinois. During these chats, the minor also provided the defendant with his cell phone number.

4. On August 14, 2009, the minor agreed to meet with the defendant on August 17, 2009. In a telephone conversation, the defendant suggested that they perform oral sex on each other.

5.   On August 17, 2009, the defendant met the minor at a predetermined location.  Shortly after the minor got into the defendant's vehicle, the defendant was stopped by a member of the Chicago Police Department for a traffic violation.

6.   After separating the minor from the defendant, the minor admitted to the police officer why he was in the defendant's vehicle.

7.   Since December 2007, the defendant's wife has been confined to a nursing home in Valparaiso, Indiana.  The defendant visits his wife every day and assists in her care.

8.   On February 1, 2009, the defendant met a nine year old boy at the nursing home.  The defendant obtained the cell phone number from this second minor and later contacted him on two separate occasions.

9.   When the second minor's parents learned of these contacts, they notified the Valparaiso Police Department.  The police confronted the defendant and instructed him not to contact the minor in the future. (Gov't Exh. 1)

10.   The defendant disregarded the instructions of the police and contacted the minor on another occasion.  When the defendant was confronted by the minor's father, the defendant's self-preservation instincts apparently trumped any carnal inclinations.

11.   The nursing home is next to a YMCA, and the defendant has been seen outside of the Y on a number of occasions even though he is not a member.

12.   The defendant was an ordained Catholic priest from 1967 to 1982.  He served in Baltimore, Maryland, before leaving the priesthood.  According to an initial contact with the diocese, there were no complaints of sexual misconduct involving the defendant.

13.   The defendant was unemployed at the time of his arrest.

14.   In 1998, the defendant was diagnosed with depression and currently takes psycho-tropic medications.

A defendant charged with an offense may be (1) released on personal recognizance, (2) released on conditions, (3) temporarily detained to permit revocation of conditional release, or (4) detained.  18 U.S.C. §§3142(a) & (e).  Release may be denied only if the court finds that there are no conditions that will reasonably assure the appearance of the defendant and the safety of the community.  18 U.S.C. §3142(e).  The court's authority to order detention is limited to the following seven situations: (1) cases involving crimes of violence with a statutory maximum of ten years or more, §3142(f)(1)(A); (2) cases involving an offense carrying a maximum sentence of life imprisonment or death, §3142(f)(1)(B); (3) cases involving drug offenses carrying maximum sentences of ten years or more, §3142(f)(1)(C); (4) cases involving a felony if the defendant has two or more prior convictions for crimes falling in categories (1)-(3), §3142(f)(1)(D); (5) cases involving minor victims or the use or possession of a firearm, §3142(f)(1)(E); (6) cases involving a serious risk that the defendant will flee, §3142(f)(2)(A); and (7) cases involving

a serious risk that the defendant will obstruct justice or intimidate witnesses or jurors, §3142(f)(2)(B).  *See **United States v. Chavez-Rivas***, 536 F.Supp.2d 962, 966 n.5 (E.D. Wis. 2008) (laying out these conditions and discussing Congress' addition of §3142(f)(1)(E) as part of the Adam Walsh Child Protection and Safety Act of 2006).  Certain offenses create a rebuttable presumption that no conditions will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. §3142(e).

To determine whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, the court considers: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. §3142(g); ***United States v. Wade***, 2007 WL 2005556, *2 (E.D. Wis. July 10, 2007).  The government upon assertion that the defendant must be detained because of dangerousness bears the burden of proving by clear and convincing evidence that no condition or set of conditions will ensure the safety of the community.  ***United States v. Portes***, 786 F.2d 758, 764 (7th Cir. 1985).

The government has demonstrated by clear and convincing evidence that the defendant is a danger to the community and "that no condition or combination of conditions will reasonably

4

assure . . . the safety of . . . the community . . . ." Section 3142(e) After a series of online and telephone conversations, the defendant traveled to Chicago for the purpose of having sex with a minor boy. The government also presented evidence of inappropriate contacts with at least one other minor.

The defendant's wife is confined to a nursing home, and children frequent a YMCA next to the nursing home. With the internet readily available, there are no conditions of release which will prevent the defendant from having access to the internet or minor children.

Under all of the circumstances, it is unlikely that the Probation Department could effectively monitor the defendant if released on bond. The government's motion for pretrial detention is **GRANTED,** and the defendant is **ORDERED HELD WITHOUT BOND.** 18 U.S.C. §3142(e)

Pursuant to 18 U.S.C. §3142(i), it is further **ORDERED** that:

    A.    The defendant shall be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable, from persons who are confined after a conviction;

    B.    The defendant shall be afforded reasonable opportunities for private consultation with his attorney; and

    C.    The defendant shall be delivered to the custody of the United States Marshal when the appearance of each defendant for any court proceeding is required.

ENTERED this 16th day of September, 2009


                              s/Andrew P. Rodovich
                                United States Magistrate Judge